UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Johnny Malone,** ) | **CASE NO. 1:16 CV 531** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cleveland Dept. of** ) | |
| **Community Development,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Johnny Malone filed this action against the Cleveland Department of Community Development, Westfield Insurance Company Claims Representative Mary Smith, Attorney Deanna K. Richards, Landlord Dale Arnold, North Central Correctional Complex ("NCCC") Warden Neil Turner, and Building Inspector John Doe. In the Complaint, Plaintiff alleges he did not receive timely notice of the dismissal of his tort action by the Cuyahoga County Court of Common Pleas, which prevented him from filing a timely appeal. He asks this Court to overturn the state court judgment and "remand" the case to the Common Pleas Court for further litigation. In the alternative, he asks this Court to hear the matter anew and issue its own judgment. Finally, Plaintiff seeks damages against the Warden for failure to supervise the mailroom staff at NCCC.

### BACKGROUND

On July 10, 2013, Plaintiff slipped and fell in the second floor apartment he was renting from Arnold.  He brought a tort action in the Cuyahoga County Court of Common Pleas against the Cleveland Department of Community Development, Smith and Arnold on July 28, 2015.[1]  *See Malone v. Cleveland Dept. of Community Development*, No. CV-15-848875 (Cuyahoga Cty Ct. Comm. Pl. Aug. 27, 2015).  Arnold filed a Motion to Dismiss on August 11, 2015 claiming the action was filed beyond the expiration of the statute of limitations period.  Plaintiff indicates he is incarcerated and did not receive a copy of the Motion to Dismiss until September 10, 2015. The court, however, had already granted the Motion on August 27, 2015.  Plaintiff states he submitted his Notice of Appeal to the prison for mailing on September 21, 2015.  He alleges the prison did not immediately mail his appeal, causing it to be received for filing by the Ohio Court of Appeals on September 29, 2015.  His appeal was rejected as untimely.  He appealed that decision to the Supreme Court of Ohio.  He claims the Supreme Court notified him that his affidavit of indigence was due on December 4, 2015; however, he did not receive this notice in the mail until December 16, 2015, twelve days after it was required to be filed.  The Supreme Court declined to accept jurisdiction over his appeal.  Plaintiff contends the Ohio courts should adopt the mailbox rule of  *Houston v. Lack*, 487 U.S. 266, 267 (1988), which would make his filings timely.

Plaintiff asks this Court to overturn the state court judgment and "remand" the case to the Common Pleas Court for further litigation.  If this is not possible, he requests that this Court

---

[1] Plaintiff claims he filed the action on July 2, 2015; however, the Cuyahoga County Court of Common Pleas docket indicates the action was filed on July 28, 2015.  He claims he amended his complaint on July 28, 2015.  The docket does not show a complaint filed on July 2, 2015 or the filing of any amended pleading.

hear the matter anew and issue judgment in his favor. Finally, he seeks damages against the NCCC warden for failing to supervise the prison mailroom personnel.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151

F.3d 559, 561 (6th Cir.1998).

## **DISCUSSION**

As an initial matter, United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*  688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[2]  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).  This statute was enacted to prevent "end-runs around state

---

[2]  28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. *Exxon Mobil Corp.*, 544 U.S. at 292. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Id.* at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the

Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, Plaintiff asks this Court to reverse the judgment of the state court, "remand" this case to Court of Common Pleas, and order it to hear the merits of his case. This Court lacks subject matter jurisdiction to overturn a state court judgment or to grant that type of relief.

Furthermore, this Court cannot hear this case anew. Federal Courts must give the same preclusive effect to state-court judgments that the state courts themselves would give them. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). In other words, if the state court would not allow Plaintiff to file another slip and fall case against Defendants pertaining to the July 10, 2013 injury because judgment was already issued against him, he cannot circumvent that judgment by relitigating the same case in federal court. To determine whether Plaintiff would be able to file this action again in the state courts, this Court must apply Ohio's law of preclusion. *Migra v. Warren City School District Board of Educ.,* 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same

parties or their privies," even if the causes of action differ. *Id.*

Here, both the doctrine of claim preclusion and issue preclusion bar relitigation of Plaintiff's slip and fall case. The parties in this action are the same as the parties in the tort action filed in the Cuyahoga County Court of Common Pleas. The state court already decided the statute of limitations for a tort action expired before Plaintiff filed his case. This Court must give full faith and credit to that judgment. Plaintiff is barred from relitigating his tort action in this Court.

Moreover, even if *res judicata* did not bar relitigation of Plaintiff's tort claims, this Court lacks subject matter jurisdiction over the case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded

Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case.  Plaintiff is incarcerated in NCCC, an Ohio prison.  Prior to his incarceration he lived in Cleveland, Ohio.  All of the Defendants are Ohio residents.  Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.  In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).  Plaintiff filed a tort action which is based on state law, not federal law.  Federal question jurisdiction is not present in this case.

Finally, Plaintiff has asserted a claim under 42 U.S.C. § 1983 against Warden Turner for failing to supervise the mailroom personnel.  While the Court does have subject matter jurisdiction to consider this claim, Plaintiff fails to state a claim upon which relief may be granted.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior.  *Id.* Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.  *Id.*  Plaintiff does not allege any facts to suggest Warden Turner personally engaged in processing Plaintiff's mail or actively encouraged the mailroom personnel to hold on to it for several days.  His claim is based

solely on Turner's authority as the warden to supervise all prison employees. Plaintiff cannot hold Warden Turner liable for the actions of mailroom personnel on a theory of *respondeat superior*.

### **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/26/16